ABREU v. VALLE.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 567.—Resuelto en enero 31, 1911.

APELACIÓN—TRANSCRIPCIÓN DE AUTOS.—En los casos en que el demandado no hubiere comparecido a contestar la demanda y se hubiere anotado su rebeldía, la citación del demandado, con la prueba de su diligenciamiento, forma parte del legajo de la sentencia y ha de incluirse en la transcripción de autos, en caso de apelación. Si la citación no formare parte de la transcripción, la apelación deberá desestimarse.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Arturo Reichard.

La parte apelada no compareció.

Abogado de El Pueblo: Sr. Jesús M. Rossy, Fiscal.

EL JUEZ PRESIDENTE, SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 20 de octubre del año 1909, presentó demanda ante la Corte de Distrito del Distrito Judicial de Aguadilla Sabas Abreu y Sosa contra su legítimo esposo Roque Valle y Gómez, con súplica de que previos los trámites legales se dictara sentencia declarando roto el vínculo matrimonial que los unía, a virtud de las alegaciones contenidas en dicha demanda.

A moción de la parte demandante fué anotada por el secretario de dicha corte la rebeldía del demandado quien no contestó la demanda; y celebrado el juicio en su ausencia por no haber comparecido, la corte, después de oir la lectura del escrito de demanda y de practicadas las pruebas propuestas por la parte demandante, dictó sentencia en 19 de abril de 1910, declarando sin lugar la demanda con las costas a la parte demandante, la que interpuso contra ella recurso de apelación para ante esta Corte Suprema.

Constituyen el récord para la tramitación del recurso de apelación, los siguientes documentos en copia: Demanda,

moción de la parte demandante al secretario de la corte solicitando se anote la rebeldía del demandado, anotación de esa rebeldía, sentencia pronunciada, escrito interponiendo contra ella recurso de apelación y exposición del caso aprobada por el juez.

No ha cumplido la parte apelante con el deber que le impone el artículo 299 del Código de Enjuiciamiento Civil, el cual preceptúa que en la apelación contra una sentencia definitiva el apelante debe presentar a la corte de apelación una copia del escrito interponiendo el recurso, del legajo de la sentencia y de cualquier pliego de excepciones o alegación hecha en el caso, en los cuales se apoyare el apelante; constituyendo el legajo de la sentencia, en caso de que la demanda no hubiere sido contestada por la parte demandada, la citación con la declaración escrita y jurada o prueba de haberse diligenciado la demanda, con una nota al dorso haciendo constar que ha sido registrada la rebeldía del demandado al no contestar la demanda, y una copia de la sentencia según el artículo 233.

Falta en la transcripción de autos la citación del demandado con la declaración escrita y jurada o prueba de haberse diligenciado, cuyo requisito ha debido llenarse por precepto imperativo de la Ley, y esa omisión tiene su sanción marcada en el artículo 303 del Código citado preceptivo de que la apelación deberá desestimarse cuando el apelante dejare de presentar los documentos requeridos por la Ley, a cuyo artículo hemos dado aplicación antes de ahora por igual motivo en el caso de *Blasina Rondón* v. *Carlos Gil*, decidido en 16 de junio de 1908.

Por las razones expuestas procede se desestime el recurso interpuesto contra la sentencia que dictó la Corte del Distrito de Aguadilla en 19 de abril del año próximo pasado.

*Desestimada.*

Jueces concurrentes: Sres. Asociados MacLeary y del Toro.

El Juez Asociado, Sr. Wolf, firmó haciendo constar estar conforme con la desestimación del recurso, habiendo presentado una opinión concurrente.

El Juez Asociado, Sr. Aldrey, no tomó parte en la resolución de este caso.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

Me parece a mí que la razón principal para denegar el recurso de apelación es el que no se haya demostrado que se dió aviso de la apelación al demandado en la corte inferior. La sección 296 del Código de Enjuiciamiento Civil requiere que se dé tal aviso. Estoy conforme asimismo con la opinión y la resolución.